United States District Court
Southern District of Texas

**ENTERED**

May 19, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Ashley M. Johnson, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-25-4480 |
| | § | |
| Frost Bank, | § | |
| *Defendant.* | § | |

**ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**
**AND MEMORANDUM AND RECOMMENDATION**
**ON DEFENDANT'S MOTION TO DISMISS**

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 6. Pending before the court are (1) Plaintiff's Request for Clerk's Entry of Default, ECF No. 20; (2) Defendant's Motion for Leave to Supplement Response in Opposition to Plaintiff's Request for Entry of Default, ECF No. 26; and (3) Defendant's 12(b)(6) Motion to Dismiss Plaintiff's Complaint, ECF No. 23. Plaintiff's Request for Clerk's Entry of Default, ECF No. 20, is **DENIED**, and Defendant's Motion for Leave to Supplement Response, ECF No. 26, is **DENIED**. The court recommends that Defendant's Motion to Dismiss, ECF No. 23, be **GRANTED in PART**.

### *1. Background*

Plaintiff Ashley Johnson brings this case under Title VII, the Americans with Disabilities Act of 1990 (ADA), and the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. (FMLA). ECF No. 1 at 3.

Johnson began working for Defendant Frost Bank on May 8, 2023. ECF No. 1 at 7. Johnson asserts that her employer subjected her to retaliatory treatment and a series of adverse actions after

she reported "incidents of racial slurs, profiling of customers, and exclusionary behavior by leadership." *Id.* at 4, 8. She alleges discrimination based on race, sex, and disability. *Id.* at 4. As adverse actions, she alleges retaliation, failure to promote, unequal terms and conditions of employment, and "interference with protected FMLA rights" to take medical leave. *Id.* at 3–4. She states that the alleged discriminatory acts began on May 18, 2024, and continued until April or May of 2025. *Id.* at 4.

Johnson's Complaint states that she received her Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC) on May 23, 2025. ECF No. 1 at 5. She attached a copy of the Notice of Right to Sue letter to her Complaint. ECF No. 1-1 at 2. The letter also shows that it was issued on the same date that Johnson received it—May 23, 2025. *Id.* The letter states in bold letters that any lawsuit must be filed within ninety days of receipt of the notice. *Id.*

Ninety-one days later, on August 22, 2025, Johnson filed her Complaint and an application to proceed in forma pauperis in federal court. *See Johnson v. Frost Bank*, 4:25-mc-01571, ECF No. 1 (S.D. Tex. Aug. 22, 2025).

There are two pending motions before the court—Johnson's Request for Clerk's Entry of Default, ECF No. 20, and Defendant's Motion to Dismiss, ECF No. 23. The court addresses each motion in turn, providing additional background facts as needed.

### 2.  *Johnson's Request for Clerk's Entry of Default*

On March 9, 2026, Johnson filed a Request for Entry of Default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 20. Johnson asserts that Defendant failed to timely respond to the lawsuit. *Id.* She argues that Defendant was properly served on February 13, 2026, making its response deadline March 6, 2026. *Id.* (citing Process Receipt and

Return, ECF No. 19; Fed. R. Civ. P. 12(a)(1)(A)(i)). She states that as of the time of filing, Defendant had not responded to the action and no attorney had entered an appearance on its behalf. *Id.*

The Process Receipt and Return shows that the United States Marshals Service served Defendant's registered agent, Corporation Service Company (CSC), with a copy of Johnson's summons and Complaint via certified mail. ECF No. 19. The Process Receipt and Return states that service was executed on February 13, 2026, at 11:14 a.m. *Id.* A United States Postal Service tracking number, 9589 0710 5270 2722 9851 29, was handwritten on the bottom of document. *Id.* A search of that tracking number on the Postal Service's website confirms that the parcel was "Delivered to Agent, Left with Individual" on "February 13, 2026, 11:14 am." U.S. POSTAL SERV., *USPS Tracking*, https://tools.usps.com/go/TrackAction (last visited May 13, 2026).

The day after Johnson filed her Request for Entry of Default, Defendant filed its response in opposition. ECF No. 24. Defendant argues that it was not served until February 17, 2026. *Id.* at 2. Attached to its motion is an email from CSC to Defendant dated February 18, 2026. ECF No. 24-1 at 2. The email states that Johnson's Complaint was served on CSC on February 17, 2026. *Id.* Moreover, Defendant argues that the Process Receipt and Return does not comply with Texas service of process requirements. *Id.* at 3. While Defendant does not assert that service was defective on that basis, it argues that the Process Receipt and Return cannot support an entry of default. *Id.*

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, "[a] defendant cannot default if he had no duty to answer

the suit—and he need not answer until 'service has been perfected.'" *Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022).

A plaintiff is permitted to complete service of process by following the service-of-process laws of the state in which the federal district court is located. Fed. R. Civ. P. 4(e). Texas law allows service by certified mail with return receipt requested. Tex. R. Civ. P. 106(a)(2). When a defendant is served by certified mail, the return of service "must also contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107(c).

There is no return receipt (PS Form 3811—the "Green Card") attached to the Process Receipt and Return. And it does not contain the signature of anyone from CSC. Because the Process Receipt and Return does not conform with the requirements of Texas law, it cannot conclusively establish the date of service.

Defendant's evidence shows that its registered agent was served on February 17, 2026. That means that its response was not due until March 10, 2026, which is the day after Johnson filed her motion for entry of default. Because Defendant did not have a duty to answer Johnson's lawsuit as of the date of filing her motion, the Clerk could not have entered default against it.

Moreover, under Rule 55(c), the court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Additionally, under Rule 6(b), courts may extend the time to answer for good cause and excusable neglect. It is clear that Defendant believed that its response to Johnson's Complaint was not due until March 10, 2026. On March 10, 2026, Defendant filed a response to the instant motion and a motion to dismiss Johnson's Complaint under Rule 12. Defendant has now appeared in the case and is defending itself. Were default to be entered, the court would find good cause to set it aside under Rules 55(c) and 6(b).

For these reasons, Johnson's Request for Entry of Clerk's Default, ECF No. 20, is **DENIED**. The Clerk of Court is **ORDERED** to refrain from entering default against Defendant.

Defendant's Motion for Leave to Supplement Response in Opposition to Plaintiff's Request for Entry of Default, ECF No. 26, is **DENIED**.

### 3. *Defendant's Motion to Dismiss*

Defendant filed a Motion to Dismiss Johnson's Complaint under Rule 12(b)(6). ECF No. 23. Defendant argues that Johnson's claims under Title VII and the ADA are time barred. *Id.* at 2. Defendant also asserts that Johnson failed to plausibly allege her claims under Title VII, ADA, and FMLA. *Id.*

In response to Defendant's Motion, Johnson admits that she failed to file her lawsuit within the ninety-day period that followed receipt of the Notice of Right to Sue letter. ECF No. 28 at 2–3. She asks the court to apply equitable tolling to excuse her late filing. *Id.* As to the sufficiency of her Complaint, Johnson asserts that she plausibly alleged her claims. *Id.* at 4–5. Should the court disagree, Johnson seeks leave to amend her Complaint. *Id.* at 6.

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the court determines whether the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

5

possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

### A. Johnson's Claims Under Title VII and the ADA

A statute of limitations may support dismissal under Rule 12(b)(6) where it is clear from the plaintiff's pleadings that the action is time barred, and the pleadings fail to raise a basis for equitable tolling. *Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 572 (5th Cir. 2013) (citing *Jones v. Alcoa Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

Aggrieved employees who seek to file a lawsuit under Title VII or the ADA must file suit within ninety days of receipt of a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) ("[T]he ADA incorporates by reference the procedures applicable to actions under Title VII, 42 U.S.C. § 2000e, *et seq.*"). The ninety-day period is strictly construed. *Washington v. City of Gulfport*, 351 F. App'x 916, 918 (5th Cir. 2009). "Indeed, the Fifth Circuit has affirmed dismissals of cases in which a plaintiff missed the ninety-day period by just one or two days." *Davis v. ComputerShare Loan Servs.*, No. 23-1542, 2023 WL 9005670, at *2 (S.D. Tex. Nov. 8, 2023) (collecting cases), R. & R. adopted, 2023 WL 9007275 (Dec. 27, 2023).

If a plaintiff files suit more than ninety days after receiving notice of their right to sue, the court will typically dismiss the action as time barred. *Gulfport*, 351 F. App'x at 918. However, in some circumstances, the court may apply equitable tolling to excuse a plaintiff's late filing. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). Courts have applied equitable tolling when (1) a plaintiff timely files suit in the wrong forum,

(2) a plaintiff is unaware of the facts giving rise to the suit because the defendant intentionally concealed them, or (3) the EEOC misleads a plaintiff about her rights. *Id.* (noting that the list is not exhaustive). Equitable tolling should be applied sparingly. *Id.*

Johnson filed this lawsuit on the ninety-first day after receipt of the Notice of Right to Sue letter. Thus, Johnson's claims under Title VII and the ADA are time barred unless equitable tolling applies.

Johnson has not identified facts that would warrant tolling. She asserts only that "extraordinary circumstances outside [her] control prevented her from" timely filing her lawsuit. ECF No. 3 at 1. She states that Defendant's retaliation forced her to exhaust all of her paid time off, which left her unable to "leav[e] work to pursue this filing" by the filing deadline. *Id.* at 2. She states that Defendant's actions "made it impossible . . . to secure leave and file her Complaint within the presumed 90-day period." *Id.* She was, however, able to file one day after the ninety-day period expired.

The explanation that Johnson provides is not sufficient to support equitable tolling of the ninety-day period. Johnson does not suggest that she mistakenly filed this lawsuit in the wrong forum. She does not suggest that Defendant intentionally concealed facts giving rise to this lawsuit. And she does not suggest that the EEOC misled her about her rights.

Because Johnson's Title VII and ADA claims are time-barred and she has not provided facts to support equitable tolling, the court recommends that the claims be **DISMISSED with PREJUDICE**.

Johnson admitted the facts from which the court concluded that her claims under Title VII and the ADA are time-barred. Therefore, it would be futile to grant Johnson leave to amend her complaint to address those claims. Any request for leave to amend the complaint to address the Title VII and ADA claims is denied.

7

### B. *Johnson's FMLA Claims*

Defendant asserts that Johnson's Complaint does not plausibly allege claims for FMLA retaliation or FMLA interference. ECF No. 23 at 2.

#### i. **FMLA Retaliation**

To establish a prima facie case of FMLA retaliation, a plaintiff must plead sufficient facts showing that (1) they were protected under the FMLA; (2) they suffered an adverse employment action; and (3) they were treated less favorably than (a) an employee who had not requested FMLA leave, or (b) the adverse action was taken because they sought protection under the FMLA. *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 791 (5th Cir. 2017) (citing *Mauder v. Metro. Transit Auth. of Harris Cnty.*, 446 F.3d 574, 583 (5th Cir. 2006)). The third element requires the plaintiff to show "a causal link between the FMLA-protected activity and the adverse action." *Id.* (citing *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005)) (internal quotations removed).

Defendant asserts that Plaintiff failed to connect an alleged adverse action to the exercise of her FMLA benefits. ECF No. 23 at 19. Johnson's Complaint states that on the day that Johnson returned from FMLA leave, she learned that "she would not accrue vacation for the year due to her [FMLA] leave[.]" ECF No. 1 ¶ 14. By temporal proximity, Johnson plausibly tied the denial of paid time off to her exercise of FMLA. However, it is not clear to the court that the denial of paid time off is an adverse action. Neither party meaningfully addressed the issue. And because the court will allow Johnson to amend her complaint, it will refrain from opining on the issue at this time.

### *ii. FMLA Interference*

To establish a prima facie case of FMLA interference, a plaintiff must plead (1) plaintiff was an FMLA-eligible employee, (2) plaintiff's employer was subject to FMLA requirements, (3) plaintiff was entitled to FMLA leave, (4) plaintiff gave proper notice of their intention to take FMLA leave, and (5) plaintiff's employer interfered with, restrained, or denied plaintiff's exercise of the benefits to which they were entitled under the FMLA. *Hester v. Bell-Textron, Inc.*, 11 F.4th 301, 306 (5th Cir. 2021) (citing *Cadwell v. KHOU–TV*, 850 F.3d 237, 245 (5th Cir. 2017).

Employer interference with the exercise of FMLA rights includes refusing to authorize FMLA leave; discouraging use of FMLA leave; manipulating an employee to avoid FMLA responsibilities; and failing to comply with notice requirements. 20 C.F.R. §§ 825.220(b), 825.300(c); *see also Butron v. Centerpoint Energy*, No. 10-0369, 2011 WL 2162238, at *7 (S.D. Tex. May 31, 2011) (quoting 29 C.F.R. § 825.220). Any of these actions, among others, "constitute[s] interfering with, restraining, or denying the exercise of [FMLA] rights." 29 C.F.R. § 825.220(b).

The plaintiff must also show that they were prejudiced by the alleged denial of benefits. *Acker*, 853 F.3d at 788. Prejudice is shown when "by reason" of the alleged denial of FMLA benefits, the plaintiff suffers some monetary loss, including loss of compensation, care costs, or employment status. *See* 29 U.S.C. § 2617(a)(1)(i)(I)-(II); *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002); *Downey v. Strain*, 510 F.3d 534, 539 (5th Cir. 2007). Prejudice is not shown when, for example, an employer contacts an employee who is on leave a limited number of times to discuss work-related matters. *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 770 (5th Cir. 2015).

9

Defendant asserts that Johnson's claim for FMLA interference fails because she did not allege that Defendant denied her benefits under the FMLA. ECF No. 23 at 17–18.

Johnson's Complaint alleges that she exercised her rights under the FMLA. ECF No. 1 ¶ 10. It states that Johnson's request for FMLA leave was approved. *Id.* It states that her FMLA leave began on December 16, 2024, and that she returned to work on January 6, 2025. *Id.* ¶¶ 14–15.

Johnson alleges that she suffered "unnecessary mental and emotional distress" and stress during her FMLA leave. ECF No. 1 ¶¶ 13–14. She states that the "unnecessary mental and emotional distress during her leave" was caused by Defendant's allegedly strategic decision to wait until the end of the workday, on the day before the start of Johnson's leave, to place a reprimand into her file. *Id.* ¶ 13. Johnson alleges that the reprimand was originally issued two days prior. *Id.* ¶ 12. Johnson does not explain the basis for her belief that Defendant "strategically waited" to place the reprimand in her file. She also fails to allege that the decision was intended to interfere with the exercise of her FMLA benefits, or that it actually interfered with the exercise of her FMLA benefits.

Johnson also asserts that she suffered stress during her FMLA leave, which was caused by her "discovery of payroll discrepancies and missing hours." ECF No. 1 ¶ 14. She asserts that the stress was compounded by inability to get a prompt response from Defendant, as Johnson made the discovery on Christmas Eve. *Id.* From Johnson's Complaint, it appears that her discovery of payroll discrepancies and missing hours just happened to occur during her leave. Such a happenstance discovery is not a sufficient basis for a claim of FMLA interference.

10

Johnson has not sufficiently alleged that Defendant's actions discouraged her use of FMLA leave or otherwise denied her of her ability to take leave. Accordingly, she has not sufficiently stated a claim for FMLA interference.

### C. Leave to Amend

Defendant asks the court to dismiss Johnson's deficient claims with prejudice for failure to state a claim. ECF No. 23 at 18. However, "[d]ismissing an action after giving the plaintiff only one opportunity to state [their] case is ordinarily unjustified." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). If the plaintiff seeks leave to amend, they "must give the court at least some notice of what . . . [their] amendments would be and how those amendments would cure the initial complaint's defects." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citation omitted).

The court determined that Johnson has not sufficiently alleged a claim for FMLA retaliation or FMLA interference. While Johnson has not stated how she proposes to amend her complaint to remedy the deficiencies, the court exercises its discretion to allow a single amendment. Johnson shall amend her complaint by **June 2, 2026**. <u>**Future requests for leave to amend to address deficiencies already identified in Defendant's Motion to Dismiss will be denied.**</u> Once Johnson files her amended complaint, Defendant shall answer or move under Rule 12 within the time allowed by the Federal Rules.

11

### *4. Conclusion*

Johnson's Request for Entry of Default, ECF No. 20, and Defendant's Motion for Leave to Supplement Response, ECF No. 26, are **DENIED**.

Because Plaintiff's claims under Title VII and the ADA are time barred, the court recommends that Defendant's Motion to Dismiss, ECF No. 23, be **GRANTED in PART**. The court recommends that Johnson's claims under Title VII and the ADA be **DISMISSED with prejudice**.

Johnson shall file an amended complaint by **June 1, 2026**, that addresses the deficiencies in her remaining FMLA retaliation and interference claims.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on May 19, 2026.

Peter Bray
United States Magistrate Judge

12