United States District Court
Southern District of Texas

**ENTERED**

July 06, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASHLEY M. JOHNSON, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-04480 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| FROST BANK, | § | |
| Defendant. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Ashley M. Johnson proceeds here *pro se*. She brings employment-related claims under Title VII, the Americans with Disabilities Act, and the Family Medical Leave Act against Defendant Frost Bank. Dkt 1. The matter was referred for disposition to Magistrate Judge Peter Bray. Dkt 6.

Pending is a motion by Defendant to dismiss under Rule 12(b)(6). Dkt 23. It contends that (i) Plaintiff's Title VII and ADA claims are time-barred, (ii) Plaintiff failed to exhaust administrative remedies as to the Title VII color and sex discrimination claims, and (iii) Plaintiff fails to state a plausible claim for relief as to her Title VII, ADA, and FMLA claims. Id at 5–19.

Judge Bray recommends that the motion to dismiss be granted in part. Dkt 30. First, he recommends that the Title VII and ADA claims be dismissed with prejudice for failure to timely file suit after receiving a right-to-sue letter from the EEOC. Id at 6–7. He also concludes that Plaintiff failed to allege sufficient facts to warrant equitable tolling of such claims. Ibid. Second, as to the FMLA retaliation and interference claims, Judge Bray recommends that, although Plaintiff failed to plausibly allege either claim at

present, Plaintiff should be given leave to amend to address pleading deficiencies. Id at 8–11.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. Dkt 32. First, she objects to the recommendation that her Title VII claim be dismissed with prejudice. She contends that retaliatory conduct by Defendant "immediately preceding the filing deadline materially impaired [her] ability to timely investigate, prepare, and file" this action, thus warranting equitable tolling of the limitations period. Id at 3. Such assertions don't present the exceptional circumstances necessary to justify equitable tolling for reasons stated in the Memorandum and Recommendation. See Dkt 30 at 7. Second, Plaintiff objects to analysis of her FMLA retaliation and interference claims. Dkt 32 at 5–6. But such objections are moot in light of her amended complaint, which reasserts those claims. See Dkt 31 (first amended complaint).

The objections filed by Plaintiff Ashley M. Johnson to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 32.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 30.

The motion to dismiss for lack of subject matter jurisdiction by Defendant Frost Bank is GRANTED IN PART. Dkt 23.

The claims brought under Title VII and the ADA are DISMISSED WITH PREJUDICE.

The claims brought under the FMLA for retaliation and interference, as pleaded in the first amended complaint, remain pending. Dkt 31.

SO ORDERED.

Signed on July 6, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge